UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STACY STESLICKI,

                Plaintiff,            Case No. 12-CV-15528

vs.                                      HON. GERSHWIN A. DRAIN

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

_____/

**ORDER REJECTING REPORT AND RECOMMENDATION (#17), SUSTAINING PLAINTIFF'S OBJECTION (#18), DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (#16), GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (#11) AND REMANDING ACTION**

## I. INTRODUCTION

This matter is before the Court on the parties' Cross-Motions for Summary Judgment as to Plaintiff Stacy Steslicki's claim for judicial review of Defendant Commissioner of Social Security's denial of her application for supplemental security income ("SSI") benefits on behalf of her son, B.W.J., a child under the age of 18. This matter was referred to Magistrate Judge Michael Hluchaniuk pursuant to local rule 72.1(b)(3). On February 12, 2014, Magistrate Judge Hluchaniuk issued a Report and Recommendation ("R & R") recommending that Defendant's Motion for Summary Judgment be granted and that Plaintiff's Motion for Summary Judgment be denied. Plaintiff filed Objections on February 26, 2014.

For the reasons stated below, the Court rejects Magistrate Judge Hluchaniuk's February 12, 2014 Report and Recommendation and remands this case to the ALJ for further findings in accordance with this decision.

## II. FACTUAL BACKGROUND

The R & R contains a detailed explanation of the factual background of this case, and the Court adopts the factual background as set out in the R & R in full.

## III. LAW & ANALYSIS

### A. Standard Of Review

The standard of review to be employed by the court when examining a report and recommendation is set forth in 28 U.S.C. § 636. This court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id*.

A district court may affirm, modify, or reverse the Commissioner's decision, with or without remand. *See* 42 U.S.C. § 405(g). Findings of fact by the Commissioner are conclusive if supported by substantial evidence. *Id*. The court must affirm the decision if it is "based on [an appropriate] legal standard and is supported by substantial evidence in the record as a whole." *Studaway v. Sec'y of Health and Human Servs.*, 815 F.2d 1074, 1076 (6th Cir. 1986). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

Where the Commissioner has erroneously determined that an individual is not disabled at steps one through four of the sequential evaluation, remand is often appropriate so that the sequential evaluation may be continued. *DeGrande v. Sec'y of H.H.S.*, 892 F.2d 1043 (6th Cir. 1990) (unpublished), 1990 WL 94. Remand is also appropriate if the Commissioner applied an erroneous principle of law, failed to consider certain evidence, failed to consider the combined effect of impairments, or failed to make a credibility finding. *Faucher v. Sec'y of H.H.S.*, 17 F.3d 171, 176 (6th Cir. 1994).

### B. Governing Law

Benefits from the Supplemental Security Income Program of Title XVI are available to children who become disabled. 42 U.S.C. §§ 1381-1383f. The claimant bears the burden to prove entitlement to benefits. *Boyes v. Sec'y of HHS*, 46 F.3d 510, 512 (6th Cir. 1994). Amongst other requirements, SSI benefits are only available to those who have a "disability." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). "Disability" means:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months …

42 U.S.C. § 423(d)(1)(A). There is a three-step sequential process for determining whether a child is disabled. First, the child must not be engaged in substantial gainful activity. Second, the child must have a severe impairment. Third, the severe impairment must meet, medically equal, or functionally equal one of the impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1. The only issue in this case is whether B.W.J.'s impairments are functionally equivalent to the impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1.

At Sept III, when determining whether the child's impairments are functionally equivalent to the limitations in 20 C.F.R. Pt. 404, Subpt. P, App. 1, the Court considers six domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for yourself; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1)(i)-(vi). A finding of functional equivalent to a listed impairment is warranted when the child has an extreme limitation in one domain or a marked limitation in two domains. 20 C.F.R. § 416.926a(d).

### C. Analysis

At Step I, the ALJ found that B.W.J. did not engage in substantial gainful activity at any time relevant to the ALJ's decision. *See* R & R at 2; *see also* Dkt. 6-2, Pg ID 43. At Step II, the ALJ found that B.W.J. had a learning disorder (reading and spelling) that was severe. *See* R & R at 3; *see also* Dkt. 6-2, Pg ID 43. At Step III, the ALJ found that B.W.J. did not have an impairment or combination of impairments that met or medically equaled the Listings or that functionally equaled the Listings. *See* R & R at 3; *see also* Dkt. 6-2, Pg ID 43-44.

The Plaintiff contends that the ALJ's finding that the record does not support a finding of attention deficit hyperactivity disorder ("ADHD") is unsupported by substantial evidence, requiring a remand for further consideration. The Defendant Commissioner relies on *Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987), and argues that substantial evidence supports the ALJ's finding that claimant's ADHD was not a severe impairment. The Magistrate Judge concluded that "based on the foregoing authority, which the undersigned finds to be persuasive, and given the thorough discussion by the ALJ of evidence regarding the claimant's ADHD in the equivalency analysis, any error in failing to find the ADHD to be severe

is harmless." *See* R & R at 14-15. The Plaintiff objects to the R & R and argues that "the Magistrate Judge erroneously believed that the ALJ considered B.W.J.'s diagnosed . . . ADHD in determining his abilities, while the ALJ actually found not that the condition was non-severe, but instead that it was non-existent." *See* Pl.'s Objs., Dkt 18 at 2.

In *Maziarz*, 837 F.2d at 244, the ALJ determined that although the claimant suffered from several severe impairments, his cervical condition was not severe. On appeal, the Sixth Circuit Court of Appeals held that the ALJ's failure to find that claimant's cervical condition was a severe impairment did not constitute reversible error because the ALJ "properly could consider claimant's cervical condition in determining whether claimant retained sufficient residual functional capacity to allow him to perform substantial gainful activity" during the remaining steps in the disability determination. *Id*; *see also Anthony v. Astrue*, 266 F. App'x 451, 457 (6th Cir. 2008) (applying *Maziarz* and finding harmless error where the ALJ "considered Anthony's severe and non-severe impairments in the remaining steps of the sequential analysis"); *Fisk v. Astrue*, 253 F. App'x 580, 584 (6th Cir. 2007) (applying *Maziarz* and finding harmless error where the ALJ "'considered limitations and restrictions imposed by all of Fisk's impairments,' including his non-severe impairments"). In other words, "[a]s long as the ALJ considers all of a claimant's impairments in the remaining steps of the disability determination, the ALJ's failure to find additional severe impairments at Step Two does not constitute reversible error." *Meadows v. Comm'r of Soc. Sec.*, No. 1:07-cv-1010, 2008 U.S. Dist. LEXIS 110586, *38 (S.D. Ohio Oct. 22, 2008).

Here, contrary to the Magistrate Judge's conclusion, the record does not reflect that the ALJ considered B.W.J.'s ADHD in determining his capabilities within the relevant domains in the remaining steps of the sequential analysis. The ALJ failed to mention Plaintiff's ADHD

beyond step two. *See* Tr. 20-25. (The record was devoid of any explicit reference to the ADHD impairments). Further, as Plaintiff correctly points out, the ALJ outright rejected Dr. Stark's ADHD diagnosis. *See* Pl.'s Objs., Dkt 18 at 3; *see also* Tr. 20. ("However, the record does not support a finding of ADHD; and that diagnosis is inconsistent with the objective medical evidence as a whole. Furthermore, the claimant has not received any treatment or medication for ADHD to this date.") It appears that the ALJ wholly adopted the conclusion of the non-examining, state agency doctor to conclude that the claimant did not suffer from ADHD. Dr. Khademian opined that:

> 11 yo with allegations of LD and ADHD – not in tx for ADHD – not on meds – mom states school diagnosed him. There is no indication from the teacher of an attn. problem.

*See* Dkt. No. 6-7 at 54. However, there was record evidence from B.W.J.'s teacher that he displayed attention deficits. A 2009 IEP report stated that B.W.J.'s "overall academic performance appears to be declining. His ability to focus has decreased to about 10 minute sessions." *Id.* at 123. An April 3, 2006 report from B.W.J.'s school psychologist reported the results from an attention deficit disorder evaluation scale following reports from B.W.J.'s teacher and mother. At that time, B.W.J.'s teacher rated his inattentiveness at one level below the level of "serious concern" requiring further evaluation.

Therefore, the *Maziarz* harmless-error standard does not apply on these facts because the ALJ failed to consider all of B.W.J.'s impairments, specifically his ADHD, during the sequential analysis for disability determinations. *See Stephens v. Astrue*, No. 09-55-JBC, 2010 WL 1368891, at *2 (E.D.Ky. Mar. 31, 2010) (distinguishing *Maziarz*, reversing, and remanding because there was no evidence that the plaintiff's mental impairments, which were not identified

by the ALJ as "severe" at the second step, were considered at the fourth step, which was "devoid of any explicit reference to those impairments."); *Jamison v. Comm'r of Soc. Sec.*, No.1:07-cv-152, 2008 WL 2795740, at *8-9 (S.D. Ohio July 18, 2008) (distinguishing *Maziarz*, reversing, and remanding because there was no evidence that the ALJ considered the plaintiff's cardiac impairment, which was not identified as "severe," at other steps of the sequential evaluation process); *Tuck v. Astrue*, No. 1:07-cv-84, 2008 WL 474411, at *7-8 (W.D. Ky. Feb. 19, 2008) (distinguishing *Maziarz*, reversing, and remanding because the ALJ failed to determine whether the plaintiff's depression is a "severe" impairment and failed to consider the limitations imposed by the plaintiff's depression and the vocational effect of those limitations).

The ALJ essentially adopted Dr. Khademian's opinion that B.W.J. did not have ADHD because he was not being treated for it, and his teacher had not identified any attention problems. However, as explained, Dr. Khademian incorrectly relied on the latter reason as the school records did in fact show B.W.J.'s problems with concentration and sustaining attention. The former reason, specifically that B.W.J. was not in treatment, does not necessarily mean he did not suffer from the disorder particularly in light of his mother's testimony that she was in the process of finding him a doctor that would take Medicaid. Contrary to the Magistrate Judge's conclusion, the ALJ's decision to wholly adopt the opinion of Dr. Khademian to exclude consideration of B.W.J.'s attention and concentration deficits is not supported by substantial evidence.

"Generally, [the Commissioner of Social Security] give[s] more weight to the opinion of a source who has examined you than to the opinion of a source who has not examined you." 20 C.F.R. § 404.1527(c)(1). Moreover, "[w]hen there is a conflict in the evidence, the ALJ may choose what evidence to credit but cannot reject evidence for no reason or for the wrong reason."

*Lenon v. Apfel*, 191 F. Supp.2d 968, 977 (W.D. Tenn. 2001) (internal quotation and citation omitted). Here, the ALJ erroneously rejected Dr. Stark's medical opinion based on an erroneous view of the record evidence. Therefore, there is a need to remand this matter in order for the ALJ to consider Plaintiff's limitations associated with his ADHD. The record is not sufficiently developed for the Court to determine whether B.W.J.'s functional limitations result in "marked" limitations in two domains, or an "extreme" limitation in one domain. 20 C.F.R. § 416.926a(d).

Therefore, this matter is remanded for further development and clarification of Plaintiff's medically determinable impairments at each step of the sequential evaluation process.

## IV. CONCLUSION

Accordingly, Plaintiff's objections (#18) are SUSTAINED. Consistent with the analysis herein, the Court hereby REJECTS Magistrate Judge Michael Hluchaniuk's February 12, 2014 Report and Recommendation (#17), DENIES Defendant's Motion for Summary Judgment (#16), GRANTS Plaintiff's Motion for Summary Judgment (#11) and REMANDS this case for further findings in accordance with this decision pursuant to the fourth sentence of 42 U.S.C. § 405(g).

SO ORDERED.

Dated: March 28, 2014 /s/Gershwin A Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE